■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Respondent, v COUNTY OF ERIE et al., Appellants. [843 NYS2d 203]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered August 28, 2006 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition in part and permanently enjoined respondents from laying off two Erie County Correctional Facility employees.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the petition is dismissed and the permanent injunction is vacated.

Memorandum: Petitioner, the union representing correction officers and others employed at the Erie County Correctional Facility (ECCF), commenced this proceeding to enjoin respondents from laying off "at least 20 [ECCF] employees" on the ground that the reduction in staff "creates an immediate and severe exacerbation of the danger to the safety and health of the remaining staff." Respondents appeal from a judgment that, inter alia, granted the petition in part and permanently enjoined respondents from laying off two ECCF employees. We agree with respondents that Supreme Court erred in denying their motion to dismiss the petition, which motion we note was incorrectly denominated a "cross petition" (see CPLR 7804 [f]).

"The statutory right to a safe workplace may not be enforced by means of a remedy at law which would require the judiciary

to preempt the exercise of discretion by [another] branch of government" (*Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo*, 64 NY2d 233, 237 [1984]). "The lawful acts of executive branch officials, performed in satisfaction of responsibilities conferred by law, involve questions of judgment, allocation of resources and ordering of priorities, which are generally not subject to judicial review" (*id.* at 239). Here, the record establishes that respondent Erie County Legislature acted in accordance with the law to reduce staffing appropriations for all County departments, and the various members of the executive branch properly determined how to allocate the remaining resources (*see generally Matter of Mohr v Greenan*, 10 Misc 3d 610, 613-615 [2005], *affd* 37 AD3d 1094 [2007]). Consequently, respondents' determination constitutes a nonjusticiable political question (*see generally New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO*, 64 NY2d at 238-240).

By our decision we do not suggest that all staffing reductions that affect the working conditions of employees represented by petitioner are beyond judicial review. Indeed, Labor Law § 27-a (7) (c) "establishes automatic standing for petitioners to enjoin working conditions which are hazardous, or present an imminent danger, in those instances where the Industrial Commissioner fails to seek relief upon notice of such condition" (*New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO*, 64 NY2d at 241). To warrant judicial intervention, however, a petitioner is required to establish that " 'a danger *exists* which could reasonably be expected to cause death or serious physical harm *immediately* or before the *imminence* of such danger can be eliminated through the abatement procedures otherwise provided for' " (*id.* at 240, quoting Labor Law § 27-a [7] [a]), and petitioner failed to make such a showing here with respect to the layoffs of the two individuals in question. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.